UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Chris Jonathan Epperson,

              Plaintiff,        Case No. 24-12360

v.                                Judith E. Levy
                                United States District Judge

United States of America, *et al.*,

                                Mag. Judge Kimberly G. Altman

             Defendants.

_____/

## ORDER DISMISSING THE CASE WITHOUT PREJUDICE

Plaintiff Chris Jonathan Epperson initiated this *pro se* lawsuit with a complaint dated September 7, 2024, against numerous Defendants.[1] (ECF No. 1.) Because Plaintiff has been granted permission to proceed *in forma pauperis* (ECF No. 5), the Court must screen his complaint to see if it fails to state a claim or is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

---

[1] On the case caption, Plaintiff lists the Defendants as "United States Of America House Of Senate House Of Representatives United States Government The Democratic Republican Party United States Congress." (ECF No. 1, PageID.1.) Later in the complaint, he indicates that the Republican Party, "Scotland Wales," Franklin D. Roosevelt, "Hary S Truman," Richard M. Nixon, and Lyndon B. Johnson are Defendants. (*Id.* at PageID.3–5.)

When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that *pro se* filings should be liberally construed does not exempt *pro se* litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

To state a claim upon which relief may be granted, a complaint must allege enough facts that, when assumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Federal Rules of Civil Procedure require that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). "[D]etailed factual allegations" are not necessary, but under Rule 8(a) the pleading must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47

2

(1957)). The Court must accept a plaintiff's allegations as true unless they "rise to the level of irrational or the wholly incredible." *Patterson v. Goodward*, 370 F. App'x 608, 609 (6th Cir. 2010) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

Plaintiff brings suit against the United States, several branches of government, deceased presidents, political parties, and foreign nations. (ECF No. 1, PageID.1, 3–5.) Plaintiff states that the place of occurrence for his claim is "Federal Reserve Building" and that the date of occurrence is "December 29, 1941." (ECF No. 1, PageID.5.) In the fact section of the form, he does not describe what happened, how he was harmed, or what each Defendant did or failed to do that harmed him. Instead, he lists a variety of federal statutes, regulations, and rules. (*Id.*)

In the "injuries" section of the form, Plaintiff states:

> September 24, 1980 gun powder-plot nail in the coffin of the constitution had been violated by the action of the state legislature where the prohibition is against state laws impairing the obligation of contracts

(*Id.* at PageID.6.)

In the section of the form for Plaintiff's requested relief, Plaintiff states:

3

Adjudicated counterclaim against the United States of America for 500 Bullion for 1.7 Trillion too the street each fiscal year on the operations of the United States Mint violating Article III Section 1 of the United States Constitution.

(*Id.*)

The Court concludes that Plaintiff's complaint fails to state a claim. Plaintiff's complaint does not include any comprehensible facts on what happened to him, how he was harmed, or what the Defendants did or did not do. Plaintiff's description of his injuries and his requested relief is incomprehensible. Without these key allegations, Plaintiff does not give any Defendant fair notice of his claim. As such, Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. This suit must be dismissed.

For the reasons set forth above, the case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.

Dated: September 13, 2024       s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 13, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
